UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-80044-CR-Middlebrooks

UNITED STATES OF AMERICA,

v.

RONNIE MONTSDEOCA,

Defendant.
_____/

FILED by ____ D.C.

SEP 22 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## DETENTION ORDER

The Defendant, RONNIE MONTSDEOCA, appeared before the Court on September 20, 2017, for a detention hearing. Defendant was originally convicted in the Southern District of Florida of bank robbery, in violation of 18 U.S.C. § 2113a. On October 22, 2003, the Honorable Donald M. Middlebrooks, United States District Judge, sentenced Defendant to 151 months in prison followed by three years of supervised release. Defendant's term of supervised release commenced on January 26, 2016.

On June 30, 2016, no action was taken by the Court after Defendant was found to have violated his supervised release by using cocaine. On August 12, 2016, the Court modified Defendant's conditions of supervised release to include 120 days at the Residential Re-entry Center after Defendant was found to have violated his supervised release by using cocaine. On September 1, 2016, a warrant was issued after Defendant allegedly used cocaine and violated other conditions of his supervised release. On December 15, 2016, the Court accepted a superseding petition alleging that Defendant had used cocaine and opiates and had violated other conditions of his supervised release. On February 2, 2017, the Court entered Final Judgment on revocation of

1

Defendant's supervised release and reinstated supervised release with all existing conditions to remain in effect.

### I.     Findings of Fact

**A. Nature and Circumstances of the Offense**

Defendant is now charged with the following violations of his supervised release in the Superseding Petition for Offender under Supervision ("Petition") [DE 68]:

1. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. According to the Petition, on or about August 1, 2017, Defendant submitted a urine sample which tested positive for the presence of opiates and was confirmed positive by Alere Toxicology Services, Inc.

2. **Violation of Mandatory Condition**, by refusing to submit to drug testing. According to the Petition, on or about August 21, 2017, Defendant was instructed to submit to drug testing and failed to do so.

3. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. According to the Petition, on or about August 28, 2017, Defendant submitted a urine sample which tested positive for the presence of cocaine and was confirmed positive by Alere Toxicology Services, Inc. On August 31, 2017, Defendant signed an Admission of Use form, admitting to the cocaine use.

4. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. According to the Petition, on or about September 2, 2017, in Palm Beach County, Florida, Defendant committed the offense of insurance, driver not present non-current insurance with knowledge, contrary to Florida Statute 316.646(4), a first degree misdemeanor.

5. **<u>Violation of Mandatory Condition</u>**, by failing to refrain from violation of the law. According to the Petition, on or about September 2, 2017, in Palm Beach County, Florida, Defendant committed the offense of tag, attached unassigned tag/sticker, contrary to Florida Statute 320.261, a second degree misdemeanor.

**B. Weight of the Evidence**

The Court takes judicial notice of the Petition, the U.S. Probation Office's Memorandum, and Defendant's Presentence Investigation Report from the underlying case. The following evidence was established by the Petition and the Government's proffer.

Defendant's term of supervised release began in January 2016. He then committed a series of violations of conditions of supervised release from June 2016 to August 2017. In February 2017, the Court revoked Defendant's supervised release and then reinstated it. Defendant allegedly violated supervised release conditions even after this revocation.

In July 2017, Defendant completed substance abuse treatment. On August 1, 2017, his urine sample tested positive for the presence of opiates. Defendant adamantly denied taking any opiates, and he accused his girlfriend's daughter of spiking his drink. On August 21, 2017, Defendant did not submit to drug testing as required. On August 22, 2017, Defendant did submit to drug testing, and his urine sample tested negative for drug use. On August 28, 2017, Defendant's urine sample tested positive for the presence of cocaine. He signed an Admission of Use form, admitting to cocaine use. Defendant then called his probation officer the next day, denied using cocaine, said his admission had been false, and accused a former employee of spiking his food with cocaine. Alere Toxicology has confirmed both positive drug tests.

On September 2, 2017, Defendant was charged with driving without insurance and driving with an attached unassigned tag. When asked about the charges by his probation officer,

Defendant stated that he had just bought the car and did not have time to get insurance or register the vehicle.

Defendant has a lengthy criminal history starting at age 18. In addition to the underlying federal bank robbery conviction, he has been convicted of burglary of a structure (multiple times), grand larceny, grand theft (multiple times), petit theft, unlawful possession of cannabis, uttering a forged instrument—credit card, forgery, escape (multiple times), driving with a suspended license, possession of a firearm by a convicted felon, robbery with a deadly weapon, carrying a concealed firearm, bank robbery, driving under the influence, and driving without a license. Additionally, his probation has been revoked on multiple occasions.

## II.     Reasons for Detention

Federal Rule of Criminal Procedure Rule 32.1(a)(6) provides that the magistrate judge may release or detain a person charged with violating supervised release under the provisions of 18 U.S.C. § 3143(a)(1). Rule 32.1(a)(6) places the burden on the defendant to establish that he will not flee or pose a danger to any other person or to the community. A defendant shall be detained unless the judge finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released.

The Court finds that Defendant has not met his burden of proving by clear and convincing evidence that he is not a danger to the safety of any other person or the community if released and that he is not a risk of flight or nonappearance if released. Defendant's multiple and continued violations of probation and supervised release, the fact that he appears to have been dishonest to his probation officer, the fact that he did not report for a drug test, his very lengthy criminal history, and his underlying conviction for the serious crime of bank robbery are factors which favor detention. Given all of the facts of this case, the Court finds that Defendant is a serious risk

of flight or nonappearance and a danger to the community, and, further, that Defendant has failed to sustain his burden under Rule 32.1(a)(6). Under these circumstances, and given the requirements of 18 U.S.C. § 3143(a), the Court orders the Defendant detained.

### III. Directions Regarding Detention

Accordingly, IT IS HEREBY ORDERED that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility. This Court also directs that the Defendant be afforded reasonable opportunity for private consultation with counsel; and the Court directs that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** in open court at West Palm Beach, Palm Beach County, in the Southern District of Florida, on the 20th day of September, 2017, and signed this 22nd day of September, 2017.

_/s/ William Matthewman_
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE